# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CASSANDRA CARROLL, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 04-2344 |
| PHIL MILLS, ET AL. | * | SECTION "L"(2) |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Robert Jones ("Jones"), a defendant in this matter. For the following reasons, the MOTION IS GRANTED.

### I. BACKGROUND

On September 19, 2003, at approximately 12:35 p.m., Cassandra Carroll ("Carroll") was operating her vehicle in a southbound direction on Interstate 59 near its intersection with Interstate 12 and Interstate 10 in St. Tammany Parish. At the same time, Phil Mills ("Mills"), an employee of Premier Chevrolet, Inc. ("Premier"), was also operating his vehicle in a southbound direction on Interstate 59 and was traveling behind Carroll. At the same time, Jones was also operating his vehicle in a southbound direction on Interstate 59 and was traveling behind Mills.

As Carroll was merging onto Interstate 10, the vehicle in front of her came to a stop. As such, Carroll applied her brakes and came to a stop. Mills, however, was not able to stop his vehicle and struck Carroll's vehicle. In addition, Jones was not able to stop his vehicle and struck Mills' vehicle.

On July 12, 2004, Carroll filed suit in the 22nd Judicial District Court for the Parish of St.

____ Fee_____
____ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
____ Doc. No._____

Tammany in the State of Louisiana.  On August 16, 2004, this case was removed to federal court.

In her complaint, Carroll alleged that Mills operated his vehicle in a negligent manner and that his negligent operation was a proximate cause of her injuries.  Additionally, she sued Premier under the theory of respondeat superior.  She also sued Universal Underwriters Insurance Company ("Universal"), which had issued an insurance policy covering both Mills and Premier for this type of incident.[1]  Lastly, she sued Jones alleging that his collision with Mills forced Mills' vehicle into her vehicle for a second time.  As such, she alleged that Jones operated his vehicle in a negligent manner and that his negligent operation was a proximate cause of her injuries.  All the defendants in this case, however, allege that Carroll's vehicle was only struck once.

## II. MOTION FOR SUMMARY JUDGMENT

Jones filed this motion for summary judgment on April 18, 2005.  In it, Jones asserts that there is no genuine issue of material fact as to whether his collision with Mills forced Mills' vehicle into Carroll's vehicle a second time.

This motion was originally set for hearing on May 11, 2005.  The parties agreed to move the hearing back until July 20, 2005, because Mills alleged that George Bailey ("Bailey"), one of three passengers in his vehicle, would testify at his deposition on June 16, 2005, that Jones' collision with Mills caused the second impact to Carroll's vehicle.  Bailey, however, testified that Jones did not cause Mills' vehicle to strike Carroll's vehicle.[2]

---

[1] Mills, Premier, and Universal are all represented by the same counsel and have filed joint oppositions to Jones' motion.  Therefore, all three shall be referred to collectively as "Mills" throughout the rest of the Order and Reasons.

[2] Bailey Dep. 42:8-19, June 16, 2005.

In support of his motion, Jones presents the depositions of himself, Mills, Bailey, and the other two passengers in Mills' vehicle—Wayne Strickland and James Mills. All five of these witnesses support Jones' contention that his collision with Mills did not force Mills' vehicle into Carroll's vehicle.[3]

Carroll asserts that her vehicle was struck twice; however, she admitted that she has no evidence or reason to believe that Jones' collision with Mills caused her car to be struck a second time.[4] In fact, Carroll has not only admitted her lack of evidence regarding Jones' liability, she even urges the Court to grant Jones' motion.

Since Carroll supports Jones' motion, Mills, who has testified that Jones did not cause the alleged second collision with Carroll, is the only opponent of Jones' motion. Despite his admission that Jones did not cause the alleged second impact to Carroll's vehicle, Mills still contends that there are genuine issues of material fact that preclude summary judgment. Specifically, Mills asserts that Carroll's claim that there were two impacts creates a genuine issue of material fact. In addition, Mills claims that the fact that the witnesses disagree as to the distance between Carroll's vehicle and his after the initial impact creates a genuine issue of material fact. Lastly, Mills argues that Jones' own testimony creates a genuine issue of material fact.

### III. LAW AND ANALYSIS

Summary judgment is appropriate if the record, as a whole, shows that there is no genuine

---

[3] Jones Dep. 19:16-20:2, Mar. 2, 2005; Phil Mills Dep. 25:5-13, Mar. 2, 2005; Bailey Dep. 42:8-19; Strickland Dep. 45: 15-23, June 16, 2005; James Mills Dep. 42:7-17, June 16, 2005.

[4] Carroll Dep. 103:1-14, Mar. 1, 2005.

issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To overcome summary judgment, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matshusita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor. *Riverwood Int'l Corp. v. Employers Ins. Of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005).

Under Louisiana law, a plaintiff who wishes to recover under a negligence theory must prove that the defendant's conduct was a cause-in-fact of the resulting harm, the defendant owed the plaintiff a duty of care, the requisite duty of care was breached by the defendant, and the risk of harm fell within the scope of the duty. *Duncan v. Kansas City S. Ry.*, 773 So. 2d 670, 676 (La. 2000).

In the present case, the first element that the Plaintiff must prove is that Jones' conduct was a cause-in-fact of her injuries. Jones has presented the depositions of five witnesses who all testified that Jones did not cause Mills' vehicle to strike Carroll's vehicle for a second time.[5] Accordingly, Jones has presented sufficient evidence that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

To avoid summary judgment at this point, it is necessary for either Carroll or Mills to come forward with specific facts showing that there is a genuine issue of material fact. Carroll has refused to do so and, instead, has urged the Court to grant summary judgment. Mills,

---

[5] All five of these witnesses also testified that Mills' vehicle did not strike Carroll's vehicle twice. The issue before the Court, however, is not whether Carroll's vehicle was struck once or twice, but whether Jones caused her vehicle to be struck.

however, has presented three factual arguments that he contends preclude summary judgment.

First, Mills claims that the Plaintiff's assertion that her vehicle was struck twice presents a genuine issue of material fact. This argument is unpersuasive. While Mills is correct in stating that the Plaintiff continues to allege her vehicle was struck twice, this assertion does not constitute a genuine issue of material fact. The issue before the Court is not whether the Plaintiff was struck once or twice. Instead, the issue before the Court is whether Jones was a cause-in-fact of the alleged second impact to the Plaintiff's vehicle. Every witness to the accident, including Mills himself, has testified that Jones did not cause the alleged second impact to Carroll's vehicle. The Plaintiff has testified that she has no evidence to believe that Jones caused the second impact to her vehicle. Accordingly, the dispute as to whether the Plaintiff's vehicle was struck once or twice, although a genuine issue of fact, is not a genuine issue of material fact as to whether Jones' conduct was a cause-in-fact of the second impact.

Second, Mills argues that the disagreement between his three passengers as to the distance between the Plaintiff's vehicle and his after the initial impact creates a genuine issue of material fact. In his deposition, Wayne Strickland testified that he did not know the proximity between the Plaintiff's and Mills' vehicles after the initial impact.[6] Phil Mills testified that the Plaintiff's vehicle was three to four feet in front of Mills' vehicle after the initial impact.[7] Lastly, Bailey testified that the Plaintiff's vehicle was eight to nine feet in front of Mills' vehicle after the initial impact.[8] According to Mills, this discrepancy creates a genuine issue of material fact.

---

[6] Strickland Dep. 25:2-6.

[7] Phil Mills Dep. 26:6-9.

[8] Bailey Dep. 27:1-13.

Although the three witnesses offered different testimony as to the proximity between the Plaintiff's vehicle and Mills' vehicle, this does not present a genuine issue of material fact. At best, this presents a genuine issue of fact. The proximity between the Plaintiff's vehicle and Mills' vehicle is not material because all three of the witnesses also testified that Jones did not cause the alleged second impact. As such, the proximity between the vehicles after the initial impact, whether nine feet, three feet, or some unknown distance, becomes irrelevant to the issue of whether Jones' conduct was a cause-in-fact of the Plaintiff's injuries.

Third, Mills argues that Jones' own testimony creates a genuine issue of material fact. Mills asserts that Jones stated in his deposition that he did not recall seeing any impact between Mills' vehicle and the Plaintiff's vehicle.[9] Mills also asserts that Jones later stated in his deposition that he could not see anything past Mills' vehicle.[10] Therefore, Mills contends that there is no way Jones could establish whether there was one impact or two and, if there was two impacts, whether he was a cause of the second one.

Once again, Mills raises a genuine issue of fact. Here, Mills raises the issue of whether Jones could even see the Plaintiff's vehicle, let alone know if it had been struck once or twice. This issue, however, is not material. Assuming that Jones could not see the Plaintiff's vehicle, there are still four witnesses who testified that Jones was not cause of the alleged second impact. There is not a single witness who has testified that Jones was a cause of the alleged second impact. Nor has there been a single piece of direct evidence that suggests that Jones caused the alleged second impact. Any factual dispute as to whether Jones could see the Plaintiff's vehicle

---

[9] Jones Dep. 12:7-10.

[10] Jones Dep. 12:13-14.

is simply not material.  It does not create an issue as to whether Jones was a cause of the accident.  All it does is lessen the number of uncontroverted witnesses Jones can present in support of his motion.

These three factual disputes do create genuine issues of fact.  These factual disputes, however, are not material as to whether Jones' conduct was a cause-in-fact of the Plaintiff's injuries.

<u>IV. CONCLUSION</u>

For the foregoing reasons, Robert Jones' Motion for Summary Judgment is GRANTED.

Houston, Texas, this ____13th____ day of October, 2005.

UNITED STATES DISTRICT JUDGE